Rel: December 19, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2025-2026

————————————————

## CR-2024-0033

————————————————

### Samuel Darrington

### v.

### State of Alabama

### Appeal from Mobile Circuit Court
### (CC-21-652)

COLE, Judge.

AFFIRMED BY UNPUBLISHED MEMORANDUM.

Minor and Anderson, JJ., concur. Windom, P.J., concurs in part and dissents in part, with opinion, which Kellum, J., joins.

WINDOM, Presiding Judge, concurring in part and dissenting in part.

I concur to affirm Samuel Darrington's convictions for murder, <u>see</u> § 13A-6-2(a)(1), Ala. Code 1975, and shooting into an unoccupied vehicle, <u>see</u> § 13A-11-61(a), Ala. Code 1975, as well as his sentence of 25 years in prison for his murder conviction. However, as to his straight two-year sentence for his shooting-into-an-unoccupied-vehicle conviction, I would remand this case for the imposition of a split sentence in compliance with the versions of §§ 13A-5-6 and 15-18-8, Ala. Code 1975, in effect at the time of Darrington's offenses.[1]

Shooting into an unoccupied vehicle is a Class C felony. § 13A-6-61(c), Ala. Code 1975. At the time of Darrington's offenses, the range of imprisonment for a Class C felony was "not more than 10 years or less than 1 year and 1 day and <u>must be in accordance with subsection (b) of Section 15-18-8</u> unless sentencing is pursuant to Section 13A-5-9 or the offense is a sex offense pursuant to Section 15-20A-5." Former § 13A-5-

---

[1]Both § 13A-5-6 and § 15-18-8 were amended effective July 1, 2023. See Ala. Acts 2023, Act No. 2023-461.

6(a)(3) (emphasis added).[2]  Former § 15-18-8(b) 1975, stated, in relevant part:

> "[W]hen a defendant is convicted of an offense that constitutes a Class C … felony offense and receives a sentence of not more than 15 years, the judge presiding over the case <u>shall</u> order that the convicted defendant be confined in a prison … for a Class C felony offense … for a period not exceeding two years in cases where the imposed sentence is not more than 15 years, and that the execution of the remainder of the sentence be suspended notwithstanding any provision of the law to the contrary and that the defendant be placed on probation for a period not exceeding three years and upon such terms as the court deems best."

(Emphasis added.)

In its unpublished memorandum, the majority implicitly holds that a straight sentence "for a period not exceeding two years" does not need to be split.  Former § 15-18-8(b).  Former § 15-18-8(b), though, contemplated a term of confinement separate and apart from the imposed sentence.  Further, a split sentence is necessary to give effect to the prohibition of "good time" for those sentenced pursuant to the former § 15-18-8.  See <u>Ferris v. State</u>, 648 So. 2d 657, 658 (Ala. Crim. App. 1994) (holding that a defendant sentenced under the Split Sentence Act is not

---

[2]Darrington was neither sentenced pursuant to § 13A-5-9, Ala. Code 1975, nor convicted of a sex offense pursuant to § 15-20A-5, Ala. Code 1975.

entitled to incentive time credit while serving the minimum period of confinement). At the time of Darrington's offenses, former § 15-18-8(k) stated that "[n]o defendant serving a minimum period of confinement ordered under subsection (a) or (b) shall be entitled to parole or to deductions from his or her sentence under the Alabama Correctional Incentive Time Act, during the minimum period of confinement so ordered." Yet, a straight sentence, like the one imposed on Darrington, would, assuming he is otherwise eligible, accrue deductions under the Alabama Correctional Incentive Time Act. See § 14-9-41, Ala. Code 1975.

I do not believe that a straight sentence for a Class C felony, even if it does not exceed two years in prison, complies with the versions of § 13A-5-6 and § 15-18-8 in effect at the time of Darrington's offenses. Therefore, I respectfully dissent from that portion of the unpublished memorandum that affirms his sentence for shooting into an unoccupied vehicle.

Kellum, J., concurs.